# UNITED STATES DISTRICT COURT
для
Western District of Kentucky
Paducah Division

| | |
|---|---|
| Lisa Trivett<br>　*Plaintiff*<br><br>v.<br><br>James E. Bruce<br>　*Defendant*<br>Serve:<br>　James E. Bruce<br>　1724 South Virginia Street<br>　P.O. Box 603<br>　Hopkinsville, KY 42241-0603 | Case No.   5:22-CV-130-BJB |

## **CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. This is an individual action and proposed class action brought by Plaintiff Lisa Trivett seeking actual damages, statutory damages, litigation costs and attorneys' fees on behalf of herself and on behalf of a class of similarly situated Kentucky citizen consumers for the violations of Defendant James E. Bruce of the Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA as authorized at 15 U.S.C. §1692k(d).

3. Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Ms. Trivett occurred within Livingston County, Kentucky which is located within the

Western District of Kentucky.

## PARTIES

4. Plaintiff Lisa Trivett is a natural person who resides in Livingston County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

5. Defendant James E. Bruce is a Kentucky collection attorney engaged in the business of collecting debts on behalf of others, such as Mariner Finance, LLC with principal place of business located at 1724 South Virginia Street, Hopkinsville, KY 42240.

6. Mr. Bruce regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and his principal business purpose is the collection of debt making Bruce a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## FACTS GENERALLY

7. On April 19, 2021, Plaintiff Lisa Trivett ("Ms. Trivett") and her spouse (jointly, "the Trivetts") jointly entered into a personal loan with Mariner Finance, LLC ("Mariner") (the "Mariner Note"). A true and accurate copy of the Mariner Note is filed as Exhibit "A."

8. The Trivetts used the proceeds from the Mariner Note exclusively for personal, family, and/or household purposes, which makes the Mariner Note a "debt" within the meaning of the FDCPA.

9. The Mariner Note was a precomputed finance charge loan that added a precomputed finance charge of $3,453.64 to the principal instead of accruing interest. The annual percentage rate ("APR") for the Mariner Note—which is not a contract interest rate—was a high 25.48%.

10. The Mariner Note called for an initial payment of $241.33 due on May 3, 2021 and 47 subsequent monthly payments of 187.63 beginning on June 3, 2021, and a "Final Payment Date

(Maturity Date)" of April 3, 2025.

11. The Trivetts' Mariner Note included charges for credit life insurance of $438.50; credit disability insurance of $572.80; and property insurance of $487.95. In total, the Trivetts financed insurance charges totaling $1,499.25 under the Mariner Note, which was 26.75% of the total amount financed under the Mariner Note.

12. The Mariner Note was secured by personal property owned by the Trivetts.

13. The Trivetts defaulted on the Mariner Note and on September 20, 2021, Defendant James E. Bruce drafted and filed a complaint against the Trivetts in the Livingston Circuit Court of Livingston County, Kentucky under case number 21-CI-00100 electronically via kycourts.net on behalf of Mariner to collect the defaulted Mariner Note (the "Mariner Lawsuit"). A true and accurate copy of the complaint drafted and filed by Defendant Bruce in the Mariner Lawsuit (the "Mariner Complaint") is filed as Exhibit "B."

14. On October 8, 2021, the Trivetts acting *pro se* filed a timely answer to the Mariner Complaint. A true and accurate copy of the Trivetts' answer to the Mariner Complaint (the "Answer") is filed as Exhibit "C."

15. The Answer to the Mariner Complaint filed by the Trivetts was noted as filed by the online docket sheet for the Mariner Lawsuit, which is published online at kycourts.net.

16. The Trivetts did not serve Defendant Bruce or Mariner their filed Answer.

17. On October 26, 2021, Defendant Bruce on behalf of Mariner moved for default judgment against only Plaintiff Lisa Trivett in the Mariner Lawsuit (the "Motion for Default"). A true and accurate copy of the Motion for Default is filed as Exhibit "D."

18. The Motion for Default filed by Defendant Bruce against Plaintiff falsely stated that "[t]his motion is made on the grounds that [the Trivetts have] failed to plead or otherwise

defend the above entitled action and that the time for such pleading has expired".

19. Defendant Bruce did not serve a copy of the Motion for Default on the Trivetts in violation of Ky. R. Civ. P. 55.01.

20. The online kycourts.net docket sheet published for the Mariner Lawsuit available to Defendant Bruce as a Courtnet kycourts.net subscriber at all relevant times showed the Trivetts had appeared in the case, filed an Answer, and defended.

21. The Motion for Default filed by Defendant Bruce included a detailed motion for attorney's fees.

22. The Mariner Note provides that, in the event of default, Mariner is entitled to recover "the reasonable fee of our attorney."

23. KRS 286.4-533(3) provides that a consumer loan company such as Mariner may include a provision that allows for recovery of "[a] reasonable attorney's fee, in connection with the collection of a loan, **actually incurred** by the licensee and paid to an attorney who is not an employee of the licensee". Bolding added.

24. The detailed motion for attorney's fees filed by Mr. Bruce on behalf of Mariner includes repeated false representations that the Mariner Note is an unsecured debt:

> 4. The Court is aware that in these cases, there is a good possibility that the Plaintiff will never collect this debt, as it is an unsecured debt. The Court is further aware that there is more time spent collecting the debt than in trying to obtain the judgment.

> 7. In a collection case, like this one, where the Note is unsecured, the judgment could be uncollectable. The Defendant may not have any assets to pay the debt; he or she may not make enough through employment to be garnished, may have child support deducted from his or her wages, may hide assets, or seek protection via bankruptcy.

9.  In support of SCR 3.130 (1.5) (a) (1), most of the time in collection cases for unsecured debts is spent trying to collect the judgment, not in obtaining the judgment. With that said, a precise enumeration of hours is not kept by Counsel. Nonetheless, based upon the Firm's experience, the minimum time expended to manage a collection matter from referral to Default Judgment is 3.0 hours, which consists of the following activities:

25.  The motion for attorney's fees repeatedly argues that enhanced fees are proper, not for the work actually incurred, but for work that *may* have to be done in the future.

26.  The Livingston Circuit Court granted the Motion for Default and entered default judgment against Plaintiff Lisa Trivett in the Mariner Lawsuit on November 17, 2021 (the "Default Judgment"). A true and accurate copy of the Default Judgment drafted and tendered in connection with the Motion for Default is filed as Exhibit "E."

27.  The Default Judgment stated in relevant part:

> IT IS HEREBY ORDERED AND ADJUDGED as follows:
>
> 1. That Plaintiff shall recover from the Defendant, Lisa and Joseph Trivett, the sum of $6303.47, plus interest that accrues after 08/11/2021, at the rate set 23.9900%.
>
> 2. The court finds that the Defendant has agreed to pay attorney's fees. It also finds that the Plaintiff has agreed to pay attorney fees in the amount of one-third of the amount recovered, and further finds that based on the pleadings that the Plaintiff is entitled to an attorney's fee from the defendant in the amount of $750.00, which the Court also find to be reasonable.
>
> 3. The Plaintiff shall recover its prejudgment court costs expended herein in the amount of $373.48.

28.  On December 3, 2021, Defendant Bruce on behalf of Mariner filed and served a wage garnishment on Plaintiff Trivett's employer to collect the Default Judgment from Ms. Trivett (the "Wage Garnishment").

29.  Defendant Bruce knew the name and address of Plaintiff Trivett's employer when he filed the Motion for Default Judgment using the pretext that he could have to do additional work to justify enhanced attorney fees.

30. Despite having payment for the Default Judgment assured by the wage garnishment filed and served on Plaintiff Trivett's employer, Defendant Bruce did not acknowledge it or move to reduce the attorney-fee award on grounds that the additional work he argued for in the Motion for Default that he *could* have to perform was not necessary.

31. On August 24, 2022, Plaintiff Trivett, by counsel, and Mariner Finance, LLC, the plaintiff in the Mariner Lawsuit, filed an agreed order to vacate the Default Judgment on the grounds that the Trivetts had appeared in the collection action before Defendant Bruce filed the Motion for Default against them; that Bruce failed to serve them with a copy of the motion for default judgment; and the Default Judgment was void as a matter of law pursuant to CR 55.01 which provides in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply to the court therefor. If the party against whom judgment by default is sought **has appeared in the action**, he, or if appearing by representative**, his representative shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application.**

(bolding added)

The provisions of CR 55.01 are mandatory. *Hankins v. Cooper*, 551 S.W.2d 584, 585 (1977).

> "By timely filing [their] handwritten answer in [this case, the Trivetts] 'appeared' in the case prior to the filing of the motion for default judgment." *Leedy v. Thacker*, 245 S.W.3d 792, 795-796 (Ky. App. 2008). Within meaning of CR 55.01, "appeared" means that "the defendant has voluntarily taken a step in the main action that shows or from which it may be inferred that he has the intention of making some defense." *Smith v. Gadd*, 280 S.W.2d 495, 498 (Ky. 1955). "When an appearance has been made, the party seeking a default judgment must comply with the three-day notice rule. Failure to do so is a 'fatal defect' in the proceedings and requires the judgment be set aside." *Leedy*, 245 S.W.2d at 796 (citing and quoting *Hankins*, 551 S.W.2d at 585). "A default judgment obtained without giving the notice required by the rule 'raises questions of

due process, rendering the judgment void within the meaning of CR 60.02(e).'" *Id.* (quoting *Kearns v. Ayer*, 746 S.W.2d 94, 96 (Ky. App. 1988)).

"A void judgment is not entitled to any respect or deference by the courts. A void judgment is a legal nullity, and *a court has <u>no discretion</u> in determining whether it should be set aside*." *Foremost Ins. Co. v. Whitaker*, 892 S.W.2d 607, 610 (Ky. App. 1995) (citing *Mathews v. Mathews,* 731 S.W.2d 832, 833 (Ky. App. 1987) (emphasis and underlining added)).

32. The Livingston Circuit Court vacated the Default Judgment in the Mariner Lawsuit on September 1, 2022.

33. Defendant committed multiple collection abuses and corresponding FDCPA violations in connection with the collection of the Mariner debt against Plaintiff, in that Defendant Bruce moved for default judgment against the Trivetts after they had appeared in the action by filing an answer to the complaint.

34. Despite the Trivetts' appearance in the Livingston Circuit Court Case No. 21-CI-00100 and that the fact of their appearance could have been easily and quickly checked online on the kycourts.net website, Defendant Bruce falsely represented in the Motion for Default that the Trivetts had neither answered nor appeared in the case.

35. Defendant Bruce did not serve a copy of the Motion for Default on the Trivetts as required by law.

36. Defendant Bruce has a demonstrated pattern and practice of moving for default judgment after a defendant has filed an answer and/or otherwise in the case and failing to serve a copy of the underlying motion for default on the defendant.

37. Defendant Buce has a demonstrated pattern and practice of falsely representing in motions for attorney's fees that secured loans are unsecured and arguing that work that he *might* have to perform would justify an enhanced attorney's fee award.

38. Defendant Bruce violated the FDCPA by **(i)** moving for default judgment against Plainrtiff Trivett after she had filed an answer and had appeared in the Mariner Lawsuit; **(ii)** failing to serve a copy of the Motion for Default on Ms. Trivett; **(iii)** falsely representing to the Livingston Circuit Court that Ms. Trivett had neither answered nor appeared in the Mariner Lawsuit; **(iii)** falsely representing that the Mariner Note was an unsecured note in the motion for attorney's fees; and **(iv)** arguing that enhanced attorney's fees were justified based on work that he *might* have to be performed where, by law, his client Mariner was limited to recovery of fees actually incurred and paid.

## CLASS ALLEGATIONS

38. Plaintiff Lisa Trivett brings this action individually and as a proposed class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following classes of persons:

**Class I:** All Kentucky consumers against whom Defendant James E. Bruce and/or his agents, employees or representatives, within one (1) year prior to the date of the filing of this complaint, filed a collection against the Kentucky consumer on behalf of Mr. Bruce's client in an attempt to collect a debt within the meaning of the FDCPA and

A. Mr. Bruce filed a motion for default judgment against the consumer;

**AND**

B. the consumer had filed an answer in the underlying collection action.

**Class II:** All Kentucky consumers against whom Defendant James E. Bruce and/or his agents, employees or representatives, within one (1) year prior to the date of the filing of this complaint, filed a collection against the Kentucky consumer on behalf of Defendant Bruce's client in an attempt to collect a debt within the meaning of the FDCPA and

  A. Defendant Bruce filed a motion for default judgment against the consumer;

  **AND**

  B. the consumer had appeared in the underlying collection action;

  **AND**

  C. Defendant Bruce failed to serve the consumer with a copy the motion for default.

  **Class III:** All Kentucky consumers against whom Defendant James E. Bruce and/or his agents, employees or representatives, within one (1) year prior to the date of the filing of this complaint, filed a collection against the Kentucky consumer on behalf of Defendant Bruce's client in an attempt to collect a debt within the meaning of the FDCPA and

  A. Defendant Bruce filed a motion for attorney's fees to be awarded to his client;

  **AND**

  B. the underlying debt was a secured debt;

  **AND**

  C. Defendant Bruce falsely represented that the debt was an unsecured debt.

  **Class IV:** All Kentucky consumers against whom Defendant James E. Bruce and/or his agents, employees or representatives, within one (1) year prior to the date of the filing of this complaint, filed a collection against the Kentucky consumer on behalf of Mr. Bruce's client in an attempt to collect a debt within the meaning of the FDCPA and Mr. Bruce

  A. filed a motion for attorney's fees to be awarded to his client;

  **AND**

  B. argued that his client was entitled to recover attorney's fees for additional legal fees that had not yet been incurred and *may* not ever be incurred.

  39. This action seeks actual damages and the maximum statutory damages under the

FDCPA pursuant to 15 U.S.C. § 1692k(a)(2) for Plaintiff Trivett and all members of the proposed Classes for Defendant James E. Bruce's violations of the FDCPA.

41. The proposed Classes as set out *supra* which are represented by Lisa Trivett in this proposed class action and of which she herself is a member consists of those persons as defined *supra* and which the members of the proposed Classes are so numerous that joinder of individual members is impracticable.

42. Lisa Trivett's claims in this proposed class action are typical of the claims of the proposed Classes as set out *supra*.

43. There are common questions of law and fact applicable to the members of the proposed Classes in this proposed class action that relate to and affect the rights of each member of the proposed Class.

44. The relief sought for Lisa Trivett is common to the members of the proposed classes and all members of the proposed Classes have the same issues of law in common: (1) whether James E. Bruce violated the FDCPA by moving for default judgment after a consumer defendant had filed an answer or otherwise appeared in the collection action without serving the consumer with a copy of the motion for default judgment as required by law; (2) whether James E. Bruce violated the FDCPA by falsely representing that secured debts were unsecured debts as a basis for justifying an award of attorney's fees; and (3) whether James E. Bruce violated the FDCPA by arguing that his client was entitled to attorney's fees for work that had not yet been incurred and might not ever be incurred.

45. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action or with respect to the claims for relief herein set forth.

46. Plaintiff is the representative party for the proposed Classes and is able to, and will,

fairly and adequately protect the interest of each of the proposed Classes.

47. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

48. Plaintiff's attorneys have successfully represented other claimants in similar class action litigation.

49. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

50. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

51. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

52. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant.

53. Because many of the persons who comprise the proposed Classes in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and

because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

54. The above acts and omissions by Defendant James E. Bruce constitute violations of the Fair Debt Collection Practices Act. These violations include but are not limited to the following:

- **A.** **Violation of 15 U.S.C. § 1692e(A)(2):** in the Motion for Default, Mr. Bruce made numerous false representations to the Livingston Circuit Court in attempt to collect a debt from Ms. Trivett within the meaning of the FDCPA including falsely representing that **(i)** Ms. Trivett had neither answered nor appeared in the Mariner Lawsuit; and **(ii)** the Mariner Note was unsecured debt.

- **B.** **Violation of 15 U.S.C. § 1692e(5):** by moving for default judgment in the Mariner Lawsuit without serving a copy of the Motion for Default on Ms. Trivett, Mr. Bruce on Mariner's behalf took an action that cannot be legally taken, *i.e.*, violating the plain provisions of CR 55.01.

- **C.** **Violation of 15 U.S.C. § 1692e(10):** Mr. Bruce used false representations and deceptive means to collect or attempt to collect the balance of the Mariner Note, including falsely representing that in the Motion for Default that Ms. Trivett had failed to plead or otherwise defend against the Mariner Complaint, falsely representing that the Mariner Note was an unsecured loan as grounds for recovering enhanced attorney's fees; and moving for attorney's fees for legal work that had not been incurred, and in light of the Wage Garnishment, most likely would have never be incurred.

- **D.** **Violation of 15 U.S.C. § 1692f(1)** by collecting attorney's fees from Ms. Trivett under the Wage Garnishment that Mariner did not have a contractual right to collect from Ms. Trivett, *i.e.* for attorney's fees that had not in fact been incurred by his client Mariner Finance, LLC.

- **E.** **Violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f** by **(i)** using unfair and unconscionable means to collect a debt from Ms. Trivett by moving for default judgment against her in the Mariner Lawsuit after she had filed an Answer to the Mariner Complaint and had appeared in the Mariner Lawsuit without serving a copy of the Motion for Default on her as required by law; and **(ii)** filing and serving

the Wage Garnishment on Ms. Trivett's employer based on a void judgment.

55. Ms. Trivett is entitled to recover actual damages, statutory damages, costs, and reasonable attorney's fees from Mr. Bruce for the above violations of the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lisa Trivett on behalf of herself and as class representative on behalf of the proposed Classes requests that the Court grant relief as follows:

a. Award actual damages to Plaintiff Trivett and to each member of the proposed Classes for Defendant James E. Bruce's violation of the FDCPA under 15 U.S.C. §1692k;

b. Award maximum statutory damages to Plaintiff Trivett and to each member of the proposed Classes for Defendant James E. Bruce's violation of the FDCPA under 15 U.S.C. §1692k;

c. Award Plaintiff Trivett and all members of the proposed Classes their attorney's fees, litigation expenses and costs in prosecuting this action as provided by the FDCPA under 15 U.S.C. 1692k;

d. Trial by jury; and

e. Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com